J-S08032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN MATTHEW POLEGA | |
| Appellant | No. 2244 EDA 2014 |

Appeal from the Judgment of Sentence June 26, 2014
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000011-2014

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 26, 2015**

Appellant John Matthew Polega appeals from the judgment of sentence entered in the Pike County Court of Common Pleas following his negotiated guilty plea to delivery of a controlled substance and criminal conspiracy to commit delivery of a controlled substance.[1]  After careful review, we affirm and grant counsel's petition to withdraw.

The trial court sets forth the relevant facts of this appeal as follows:

> Appellant was charged with eight (8) offenses, including [m]anufacture, [d]elivery, or [p]ossession [w]ith [i]ntent to [m]anufacture or [d]eliver; [c]riminal attempt - [m]anufacture, [d]elivery, or [p]ossession [w]ith [i]ntent to [m]anufacture or [d]eliver; [c]onspiracy – [m]anufacture, [d]elivery, or [p]ossession [w]ith [i]ntent to [m]anufacture or [d]eliver; [m]anufacture, [d]elivery,

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903(c), respectively.

or [p]ossession [w]ith [i]ntent to [m]anufacture or [d]eliver; [c]riminal [u]se of a [c]ommunication [f]acility; [t]heft by [u]nlawful [t]aking – [m]ovable [p]roperty; [i]ntentional [p]ossession of a [c]ontrolled [s]ubstance by [p]erson [n]ot [r]egistered; and [u]se/[p]ossession of [d]rug [p]araphernalia.[1] On June 26, 2014, Appellant entered a negotiated plea of guilty to Count I (1), [d]elivery of a [c]ontrolled [s]ubstance, and Count III (3), [c]riminal [c]onspiracy to [c]ommit [d]elivery of a [c]ontrolled [s]ubstance. All remaining [c]ounts contained in Criminal Information Number 11-2014 were dismissed. Appellant was sentenced in accordance with the agreement to a term of incarceration of not less than eighteen (18) months but not more than thirty-six (36) months to be served in a State Correctional Facility, was credited with 108 days time served between December 16, 2013 and April 3, 2014, and was approved for RRRI minimum sentence of thirteen and one-half (13.5) months.

[1] 35 [P.]S. [§] 780-113([a])(30), 18 Pa.C.S. [§§] 901([a]), [903(c)], 35 Pa.C.S. [§] 780-113([a])(30), 18 Pa.C.S. [§§] 7512[(a),] 3921([a]), 35 [P.]S. [§§] 780-113([a])(16)[, (32),] respectively.

Trial Court Opinion, filed September 19, 2014, at 1-2 (some footnotes omitted).

On July 1, 2014, Appellant timely filed a post sentence motion for modification of sentence, which the court denied the next day. On July 29, 2014, Appellant filed a notice of appeal. On July 30, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on August 19, 2014.

On October 29, 2014, Appellant's counsel filed a petition for leave to withdraw along with an **_Anders_** brief.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.2009). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 936 A.2d 40 (Pa.2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in

fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed a petition for leave to withdraw as counsel. The petition states counsel made a "conscientious examination of the record and determined that the appeal would be wholly frivolous." Petition to Withdraw as Counsel, filed October 29, 2014, p. 1. The petition explains counsel notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***Id.*** In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and her reasons therefor. ***See Anders*** Brief, pp. 5-10. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues raised in the ***Anders*** brief:

> WHETHER THE TRIAL COURT ERRED IN DENYING
> [APPELLANT'S] POST-SENTENCE MOTION ALLEGING THAT
> [APPELLANT] RECEIVED A SENTENCE NOT APPROPRIATE
> UNDER THE APPLICABLE GUIDELINES, THAT HIS
> SENTENCE SHOULD HAVE TAKEN INTO CONSIDERATION
> MITIGATING FACTORS AND [APPELLANT] WAS UNDULY

> PREJUDICED BY UNVERIFIED INFORMATION RECEIVED BY HIS PROBATION OFFICER AND/OR CONTAINED IN THE PRE-SENTENCE REPORT[?]
>
> WHETHER THE TRIAL COURT IMPROPERLY DENIED [APPELLANT'S] MOTION TO MODIFY SENTENCE WITHOUT HOLDING A HEARING THEREON[?]

**Anders** Brief at 4.[2]

In his first issue, Appellant challenges the discretionary aspects of his sentence. Appellant claims his aggregate sentence was too harsh, the trial court failed to consider mitigating factors, and the court considered unverified information about his involvement in current drug sales. In the **Anders** brief, counsel states she found nothing that arguably supports this challenge. We agree.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion. **Commonwealth v. Seagraves**, ___ A.3d ___, 2014 PA Super 252, *3 (Nov. 6, 2014). "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

_____

[2] In the **Anders** Brief, the first question listed is: "Whether there are any non-frivolous issues preserved on appeal." We will address this issue as we discuss Appellant's other claims.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted). A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). In fact, the imposition of consecutive rather than concurrent sentences will only present a substantial question in "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013).

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post sentence motion. Appellant's brief, however, does not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, in light of Counsel's petition to withdraw, we will proceed to address whether Appellant raises a substantial question. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super.2009) (observing that *Anders* requires review of issues otherwise waived on appeal).

After Appellant pled guilty pursuant to a negotiated plea agreement, the trial court sentenced Appellant to 18-36 months' incarceration.[3] The plea agreement provided that Appellant's sentences would be within the standard range of the guidelines, and that the trial court would have discretion to run the sentences consecutively or concurrently. Thus, Appellant's sentence is not "inconsistent with a specific provision of the sentencing code" or "contrary to the fundamental norms which underlie the sentencing process." *See Prisk, supra*. Further, the imposition of consecutive rather than concurrent sentences is not unduly harsh, considering the nature of the crimes and the length of imprisonment. *See Lamonda, supra.*

---

[3] The court imposed consecutive sentences of 9-18 months' incarceration for delivery of a controlled substance and 9-18 months' incarceration for criminal conspiracy to commit delivery of a controlled substance, namely heroin, for an aggregate sentence of 18-36 months' incarceration.

Regarding Appellant's claim that the court failed to consider mitigating factors, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013) (internal citation omitted). However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." *Seagraves, supra*, at *3 (internal citations omitted). "Further, reliance on impermissible sentencing factors can raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Thus, Appellant has presented a substantial question, and we shall address the merits of his claim.

When the trial court has the benefit of a pre-sentence report, "we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Seagraves, supra*, at *3. Regarding this issue, the trial court reasoned:

> While [Appellant] claims that this [c]out failed to consider mitigating factors of record in assessing the sentence, the [c]ourt notes that the [c]ourt took into consideration all matters contained in the [pre-sentence report (]PSI[)] and

the information presented in [c]ourt at the sentencing proceeding. That information was evaluated fairly and completely in contemplation of the sentence imposed. In review of the PSI, there is no reference to [Appellant] still being involved in drug sales or drug use. In fact, the report indicates [Appellant] tested negative for drugs at the PSI interview. Further, [Appellant] claims he was prejudiced by unverified information received by the Probation Officer or contained in the PSI report. However, Appellant fails to indicate [the] nature of that information other than a claim that the Probation Officer heard that the Appellant was still involved in drug sales. As previously indicated, such information was not included in the PSI report.

Trial Court Opinion, at 5.

After considering mitigating factors and abstaining from relying upon impermissible information, the trial court sentenced Appellant well within the sentencing guidelines. Thus, the trial court did not abuse its discretion in imposing Appellant's sentence.

In his second issue, Appellant argues the court should have conducted a hearing before denying his post sentence motion. In the ***Anders*** brief, counsel concludes that this issue is also frivolous because "no case law indicates that a trial court must hold a hearing regarding a post-sentence motion." We agree.

The Rules of Criminal Procedure provide, in relevant part:

**Rule 720. Post-Sentence Procedures; Appeal**

\*    \*    \*

**(B) Optional Post-Sentence Motion.**

\*    \*    \*

(2)  *Trial Court Action*.

\*    \*    \*

(b)  Hearing; Argument.  The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both.

Pa.R.Crim.P. 720(B)(2)(b).

The Comment to Rule 720 explains, in pertinent part:

Paragraph (B)(1)(b) permits the trial judge to entertain a supplemental post-sentence motion at his or her discretion, as long as the decision on the supplemental issue(s) is made within the time limits[.]

\*    \*    \*

There is no requirement that oral argument be heard on every post-sentence motion.

Pa.R.Crim.R. 720, Comment.

In this case, the judge determined that a hearing on Appellant's motion was not required.  We find no abuse of discretion in this determination.  Thus, Appellant's claim is without merit.

We agree with counsel that Appellant's claim is wholly frivolous.  Moreover, our independent review of the record has revealed no other preserved issues of arguable merit.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/26/2015</u>